# Clark et al. *versus* McClelland's Assignees.

1. One partner sold his interest in the firm to his two co-partners, and left them in possession of the property. *Held,* That they had a right to pass the whole title by assigning the same, for the purpose of paying the partnership debts.

ERROR to the Court of Common Pleas of *Indiana county.*

The opinion of the court was delivered October 25, 1852, by

LOWRIE, J.—Johnson sold out his interest in the firm of McClelland & Co., and that left the two McClellands in possession of the firm property, with the power to dispose of it and account to the assignee of Johnson for his share. After that, the McClellands assigned to the defendants (among other things,) all their rights and interest "as members of the firm of McClelland & Co.," in the effects of the firm, in trust for creditors, providing that the partnership property should be applied to the payment of partnership debts. This has been properly treated as an assignment by two partners, of all the partnership effects, for the benefit of creditors; and the ques-

[Winebiddle *v.* Pennsylvania Railroad Co.]

tion raised and discussed here, and which rules the whole case, is, Had they power, under such circumstances, to pass the whole title by such an assignment? This question was properly decided by the court below in the affirmative.

Johnson could not complain, for he had parted with his interest. His assignee could not, for his right attaches only to the share which shall appear to belong to Johnson on a full settlement, and that right is not affected. The creditors cannot complain, for the act is for their benefit.

Judgment affirmed.